UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE
CASE NO. 3:20-cv-418-RGJ

JONAH ALBERT                                                        PLAINTIFF

vs.

UNKNOWN INDIVIDUAL KENTUCKY
STATE POLICE OFFICERS, *et al.*                             DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Louisville-Jefferson County Metropolitan Government ("Metro Louisville"), Gregory Fischer, Steve Conrad, and Emily McKinley ("Defendants"), hereby furnish their Reply in Support of their Motion for Summary Judgment.

    I.     **Mr. Albert's Response consists of inadmissible hearsay and unsupported assertions.**

Mr. Albert sought two extensions of time to respond to Defendants' motion for summary judgment. (*See* DEs 89 and 90.) Mr. Albert's Response exceeds Local Rule 7.1(d) *by 42 pages* but did not include copies of the evidence it cited. (*See* DE 91.) He did not file his cited evidence until January 6. (*See* DE 93.) The Court need not consider that untimely evidence.

Mr. Albert's Response stacks unsupported and inadmissible assertions on top of one another in his attempt to create issues of fact for a jury, but those assertions tumble upon close review of the record and the Federal Rules of Evidence. For instance, Mr. Albert leans on then-Major Gregory's deposition testimony that (1) LMPD authorized the use of a 40 mm less-lethal launcher and (2) the shot fired at Mr. Albert "sounded like" a 40 mm round (Response at PageID ##: 34-35), but then-Major Gregory did *not* testify that LMPD shot Mr. Albert. After all, Mr. Albert

1

admitted Kentucky State Police moved in front of LMPD to lead him and other protesters away from downtown, and he presented nothing[1] to contradict former Major McKinley's and Lt. Phan's testimony that no LMPD officer at Sixth and Liberty or Sixth and Cedar Streets possessed or fired a 40 mm launcher at Mr. Albert. (McKinley Dep. [DE 86-2] at 39:22-40:7 and 42:12-13; Phan Dep. [DE 86-6] at 25:6-17, 26:1-6, 8:19-9:5, 14:17-15:12, and 29:20-25.) The Court ought not be tricked by the unsubstantiated leaps Mr. Albert makes from then-Major Gregory's testimony.

Mr. Albert also spends a dozen pages of his response summarizing a 2023 DOJ publication that has no relevance to Mr. Albert's claims. None of his references to the publication relate to Mr. Albert or this case, nor do they relate to allegedly improper use of a 40 mm launcher by LMPD. A DOJ publication that does not discuss Mr. Albert, Mr. Albert's incident, or evidence of LMPD's alleged improper use of a 40 mm launcher has no probative value in this case.[2]

If the Court filters out the inadmissible and unsupported assertions Mr. Albert's Response presents, Mr. Albert is left with no issues of material fact to defeat summary judgment.

## II. Mr. Albert fails to address the lapsed statute of limitations, state law qualified immunity, and the Motion by former Mayor Greg Fischer.

Mr. Albert's section on the statute of limitations promises that he addresses the topic elsewhere in his 67-page Response, but he does not deliver on that promise. Mr. Albert offers only

---

[1] Mr. Albert references a video of the incident without a pinpoint timestamp citation to anywhere an LMPD officer is holding—much less firing—a 40 mm launcher. Mr. Albert also supplies a 2021 affidavit of a witness who refused to make herself available for a deposition and cross-examination. That witness was previously represented by Mr. Albert's counsel, but Mr. Albert's counsel advised that she could not be located and produced by him for deposition. (Decl. of Bruce Paul, attached as Exs. 1, ¶¶ 3-5, and 1(A).) Mr. Albert testified that this witness obtained a civil restraining order against him, and he did not have contact information for her. (Albert Dep., attached as Ex. 1(B), at 102:16-103:6.) Defendants' counsel could not locate or compel her deposition. (Paul Decl. ¶ 6.) Therefore, Defendants contend that affidavit—which Mr. Albert does not meaningfully cite in his response—should be ignored as inadmissible. *See Louisville & N.R. Co. v. United States*, 225 F. 571, 584 (W.D. Ky. 1915), *aff'd*, 245 U.S. 463, 38 S. Ct. 141, 62 L. Ed. 400 (1918) (affidavit ruled inadmissible since witness was not subject to cross-examination).

[2] In addition, this Court is not bound by DOJ declarations of allegedly unconstitutional conduct. Instead, this Court is bound by United States Supreme Court and Sixth Circuit authority when it comes to clearly established constitutional rights under the doctrine of qualified immunity. *Ashford v. Raby*, 951 F.3d 798, 804 (6th Cir. 2020).

speculation that an LMPD officer fired a less-lethal munition at him, but that speculation falls flat under the weight of Defendants' unrebutted evidence that none of the devices LMPD officers in the vicinity carried could fire the munition that struck Mr. Albert. (Phan Dep. [DE 86-6] at 25:6-17, 26:1-6, 8:19-9:5, 14:17-15:12, and 29:20-25.) Because Kentucky law provides a one-year statute of limitations for Section 1983 actions, *see Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir.1990), and because Mr. Albert failed to identify the individual who fired at him, the claims against the unknown defendants are time-barred.

Like the statute of limitations issue, Mr. Albert provides no substantive response to Defendants' state law qualified immunity defense. Nor does he present evidence to defeat that defense. As such, Mr. Albert's state law claims must be dismissed.

Finally, Mr. Albert's Response barely mentions former Mayor Greg Fischer and establishes no factual basis to proceed against him. Having failed to factually link him to any claims, summary judgment in Gregory Fischer's favor is warranted.

### III. No named defendant violated Mr. Albert's constitutional rights.

Mr. Albert offers nothing more than unsupported and conclusory assertions that Steve Conrad and Emily McKinley applied excessive force, retaliated against him for exercising free speech, failed to render aid, failed to train officers, and interfered with his access to the courts. Lacking any proof of his claims against these defendants, Mr. Albert settles for a line of Sixth Circuit authority that permits a plaintiff to survive summary judgment if "an individual defendant is in a small group of officers that committed allegedly unconstitutional acts within each other's presence." (*See* Response [DE 91] at PageID##: 728-31, citing *Fazica v. Jordan*, 926 F.3d 283, 292 (6th Cir. 2019).) That precedent does not save Mr. Albert given the evidence in this case.

3

Mr. Albert cites no evidence that shows then-Major McKinley or then-Chief Conrad "in a small group" of officers who violated Mr. Albert's constitutional rights. The only admissible evidence here is that no LMPD officer on Sixth Street at that time possessed a 40 mm launcher to fire a round at Mr. Albert.[3] (McKinley Dep. [DE 86-2] at 39:22-40:7 and 42:12-13; Phan Dep. [DE 86-6] at 25:6-17, 26:1-6, and 29:20-25; McKinley Decl. [DE 86-7] ¶¶ 6-7.) Mr. Albert cannot rely on mere speculation to rebut that substantiated evidence. Therefore, Mr. Albert's reliance on *Fazica* does not fit the admissible evidence before the Court.

### IV. **Mr. Albert has not overcome Defendants' federal qualified immunity.**

Even if an LMPD officer had shot the 40 mm less-lethal munition, which did not happen, Mr. Albert's Response cites no facts or binding authority to overcome qualified immunity. For example, Mr. Albert's Response does not address the binding Sixth Circuit authority of *Abdur-Rahim v. City of Columbus, Ohio*, 825 F.App'x 284, 286-88 (6th Cir. 2020), which held that a lingering protester who failed to disperse did not have her constitutional rights violated when she was subjected to less-lethal force. (*See* Mem. in Support of Mot. for Sum. J. [DE 86-2] at PageID ##: 572-73.) Mr. Albert also fails to rebut then-Major McKinley's testimony that she immediately responded to a report that he had been shot. (McKinley Dep. [DE 86-2] at 67:18-68:3, 70:15-23, and 79:12-80:10.) In support of his failure to train and supervise claim, Mr. Albert points only to an incident regarding a reporter struck by pepper balls a day or two before Mr. Albert's incident—which then-Chief Conrad testified would be investigated in due course. (Dep. of Steve Conrad, attached as Ex. 2, at 29:22-30:6.) That incident involved different officers on a different night, using a different less-lethal device under different circumstances, which has no relevance to Mr.

---

[3] Even if they were in a group of officers who fired the round that struck Mr. Albert, he would also have to show that Sixth Circuit precedent put police officials on notice that the firing of a less lethal round at Mr. Albert under the circumstances was an unconstitutional act. As discussed in Section IV, no such authority exists.

4

Albert's injury. Lastly, Mr. Albert fails to contradict the undeniable evidence that he accessed the courts through this lawsuit and has not been prevented from prosecuting these claims.

## V.     Mr. Albert cannot sustain any of his claims against Metro Louisville.

Mr. Albert identifies only one theory of *Monell* liability against Metro Louisville—the existence of a custom of tolerance or acquiescence (Response [DE 91] at PageID #: 745)—but fails to satisfy the legal standard for that claim with the admissible evidence the Sixth Circuit requires. Because Mr. Albert offers no evidence that an LMPD officer was equipped with—much less fired—a 40 mm launcher, there can be no *Monell* liability against Metro Louisville. *See Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015). Further, Mr. Albert acknowledges he must provide evidence of "multiple earlier inadequate investigations and they must concern comparable claims," *Stewart v. City of Memphis*, 788 F. App'x 341, 344 (6th Cir. 2019), but he points to no earlier inadequate investigations involving claims like his. Mr. Albert generically relies on a DOJ publication that discusses issues unrelated to the firing of 40 mm rounds at a lingering protester such as Mr. Albert, but as discussed above, the Sixth Circuit has ruled that using less lethal force in circumstances like what Mr. Albert experienced is not a constitutional violation. *Abdur-Rahim*, 825 F.App'x at 286-88. Accordingly, Mr. Albert's *Monell* claim against Metro Louisville in this case is unsupported by binding authority or admissible evidence.

## VI.     Conclusion.

Jonah Albert's Response to Defendants' properly supported Motion for Summary Judgment substitutes Mr. Albert's speculation and inadmissible assertions for admissible evidence and, in so doing, fails to create an issue of fact on any of his claims in this case. Accordingly, summary judgment in Defendants' favor is warranted.

Respectfully,

*/s/ Bruce B. Paul*
BRUCE B. PAUL
CHARLES EDWARD MONARCH
McBrayer PLLC
500 West Jefferson Street
Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
bpaul@mcbrayerfirm.com
emonarch@mcbrayerfirm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 22, 2024, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notice of electronic filing to the registered counsel.

*/s/ Bruce B. Paul*
BRUCE B. PAUL